IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRANDE LEE SAMUELS,

        Plaintiff,

v.

GT BYNUM, et al.,

        Defendant(s).

Case No. 24-CV-00375-SEH-MTS

## OPINION AND ORDER

Before the Court is Plaintiff's Amended Complaint [ECF No. 3]. For the reasons set forth in this order, Plaintiff's Amended Complaint is dismissed without prejudice.

### I. Background

Plaintiff initiated this action by filing a complaint [ECF No. 1]. However, Plaintiff timely amended the complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). Therefore, the operative pleading is the amended complaint [ECF No. 3].

### II. Discussion

Although I liberally construe a *pro se* party's filings, Plaintiff must still follow the same procedural rules that apply to all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen*

1

*v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Among the rules Plaintiff must follow is Federal Rule of Civil Procedure 8, which states in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain: . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; . . .

Rule 8 requires a party to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma, ex rel., Dept. of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). A plaintiff can make a pleading unintelligible and, therefore, deficient under Rule 8 "by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotation marks and citation omitted).

Stated simply, parties must "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotation marks omitted). Rule 8's requirement is important because a short and plain statement gives "the opposing party reasonable and fair notice of the basis of the complaint." *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (collecting cases).

It is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann*, 477 F.3d at 1148. Failure to comply with Rule 8 "can supply a basis for dismissal." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007). District courts may dismiss an action for failure to comply with Rule 8 *sua sponte*. *Sladek v. Bank of America, NA*, No. 24-1181, 2024 WL 4224029, at *4 (10th Cir. Sept. 18, 2024) (citing *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff's amended complaint identifies 13 claims against 18 defendants. [ECF No. 3 at 1–7]. From what can be gleaned from the "factual summary" section, it appears that Plaintiff's allegations involve several traffic stops and an interaction with law enforcement at the Tulsa City County Library. [*Id.* at 8–9]. Other than that, much of the first few pages of the amended complaint are nearly unintelligible, and the remainder of the amended complaint adds to the confusion.

Following those first few pages, Plaintiff's purported claims are largely unexplained and contain mere conclusory allegations with little to no statements about "*who* is alleged to have done *what* to *whom*." *Robbins* 519 F.3d at 1250 (10th Cir. 2008) (emphasis in original). Adding to the problem, Plaintiff includes approximately 90 pages of citations to statutes, jury

instructions, and other materials that bury the allegations in a "morass of irrelevancies." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotation marks and citation omitted).

For these reasons, Plaintiff has failed to adequately comply with Rule 8(a)(2), and the amended complaint must be dismissed.

### III. Conclusion

For the reasons set forth in this order, Plaintiff's amended complaint [ECF No. 3] is hereby DISMISSED without prejudice. If Plaintiff wishes to file an amended pleading, it must be filed no later than 14 days after the date this order is entered. If no such amended pleading is filed, this action will be dismissed in its entirety without prejudice, and without further notice to Plaintiff.

Additionally, plaintiff shall serve any amended pleading no later than 30 days after it is filed. Failure to timely serve the amended pleading may result in dismissal without further notice to Plaintiff. Nothing in this order prohibits Plaintiff from seeking service of any amended pleading pursuant to Fed. R. Civ. P. 4(c)(3).

Based on the foregoing, all pending motions are hereby DENIED as moot.

DATED this 5th day of February, 2025.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE